UNITED STATES BANKRUPTCY COURT     PJH 9510
SOUTHERN DISTRICT OF NEW YORK     Tax ID No. 11 3178696
Mànhattan Division

---

In re:

SARAH BANNISTER,

     Debtor.

Bankr. Case No.: 09-16875-JLG

Chapter 7

---

SARAH BANNISTER,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,
NATIONAL COLLEGIATE TRUST, and
CITIZENS FINANCIAL GROUP, INC.,

     Defendants.

Adv. Proc. No.: 15-01418-JLG

---

## STIPULATION FOR SETTLEMENT BETWEEN PLAINTIFF AND NAVIENT SOLUTIONS, INC. AND FOR DISMISSAL OF NAVIENT SOLUTIONS, INC. AS A DEFENDANT IN THIS ADVERSARY PROCEEDING

Plaintiff, Sarah Bannister ("Plaintiff"), and Navient Solutions, Inc., ("Navient"), by and through their respective undersigned counsel hereby stipulate as follows:

WHEREAS, on November 18, 2009, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and a discharge of eligible debts was entered on May 24, 2010.

WHEREAS, on December 12, 2015, Plaintiff filed a Complaint, naming, *inter alia*, Sallie Mae Education Trust as one of the Defendants, seeking a discharge of educational loan debt under 11 U.S.C. §523(a)(8);

WHEREAS, on January 11, 2016, Navient filed its Answer to Plaintiff's Complaint on behalf of itself and named Defendant, Sallie Mae Education Trust;

WHEREAS, Plaintiff is indebted to Navient pursuant to the applicable terms of five (5) educational loan Promissory Notes ("Promissory Notes") executed by Plaintiff to obtain educational loans ("Educational Loans") with approximate balances, as of the date of the filing of this adversary proceeding, as follows:

a.    one (1) Educational Loan disbursed August 9, 2005, with a balance, including principal, interest and fees, totaling $19,523.07;

b.    one (1) Educational Loan disbursed March 14, 2006, with a balance, including principal, interest and fees, totaling $14,307.38;

c.    one (1) Educational Loan disbursed August 11, 2006, with a balance, including principal, interest and fees, totaling $24,896.11;

d.    one (1) Educational Loan disbursed October 17, 2006, with a balance, including principal, interest and fees, totaling $24,438.79; and

e.    one (1) Educational Loan disbursed August 1, 2007, with a balance, including principal, interest and fees, totaling $40,702.04.

WHEREAS, as of the date of the filing of this adversary proceeding, there was a balance due and owing on the Educational Loans evidenced by the Promissory Notes, including principal, interest and fees, in the aggregate amount of $123,867.39 ("Outstanding Balance"), with a variable interest rate, and with interest accruing thereafter pursuant to the Promissory Notes;

WHEREAS, the Outstanding Balance is currently due and owing on the Educational Loans evidenced by the Promissory Notes, and the Educational Loans evidenced by the Promissory Notes are non-dischargeable educational loans, pursuant to 11 U.S.C. § 523(a)(8);

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Plaintiff and Navient as follows:

1.     For so long as Plaintiff does not default under this Stipulation, the balance shall be reduced to $90,000.00 ("Reduced Balance"), and the variable interest rate shall be reduced to a fixed rate of 1% ("Reduced Interest"), and Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $289.48 per month for a period of three hundred sixty (360) consecutive months.  The first monthly payment is due to be received by Navient on or before January 9, 2017, with subsequent payments to be received on the ninth (9th) day of each month thereafter.

2.     All payments pursuant to this Stipulation shall note Plaintiff's account number on the payment, and shall be mailed to, "Navient Solutions, Inc., P.O. Box 9000, Wilkes-Barre PA 18773-9000", or to any other address provided to the Plaintiff by Navient in writing.

3.     The following shall be Events of Default hereunder: (a) Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date, without securing Navient's agreement to a forbearance of such payment(s); or (b) Plaintiff commences any further legal proceedings against Navient, its successors or assigns.

4.     Upon the occurrence of an Event of Default under this Stipulation, any forgiveness of the principal and interest is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance plus interest pursuant to the applicable terms of the Promissory Notes (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

5. There is no penalty for prepayment under this Stipulation, but any prepayment, unless it is payment in full, does not relieve Plaintiff of the obligation to make ongoing monthly payments.

6. In the event the Plaintiff, pursuant to applicable Navient policy and the terms of the Promissory Notes, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

7. Should any issues arise, related to billing or repayment of loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to loans subject to this agreement is not in accordance with this Stipulation, Plaintiff agrees that such issues should be directed to a Supervisor or Manager in Navient's Bankruptcy Litigation Unit, who may be reached at 1-800-251-4127, or to any other telephone number provided by Navient in writing, or in response to a specific borrower inquiry. The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

8. Except as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

9. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

10. This Stipulation may be executed in counterparts, by facsimile and/or by electronic mail, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation between the parties.

11.    The parties agree to a dismissal of Navient Solutions, Inc. as a Defendant in this adversary proceeding, subject to the terms of this Stipulation, upon approval of this Stipulation by the court.

WHEREFORE, the parties to this Stipulation pray this Honorable Court for an Order dismissing Navient Solutions, Inc. as a Defendant in the above-captioned adversary proceeding.

By: _____

Scott C. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, NY 11241
Tel: (718) 596-1829
Fax: (718) 228-4612
Email: scerbin@mail.com
Attorney for Plaintiff, Sarah Bannister


By: _____    4/25/17

Paul J. Hooten, Esquire (PJH9510)
PAUL J. HOOTEN & ASSOCIATES
5505 Nesconset Highway
Suite 203
Mt. Sinai, NY 11766
Telephone: (631) 331-0547
Facsimile: (631) 331-2627
E-mail: PJHooten@mindspring.com
Attorneys for Navient Solutions, Inc.