NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     Sarah Bannister, | : | |
|                      Debtor. | : | Case No. 09-16875 (JLG) |

-------------------------------------------------------------------------x

| | | |
|---|---|---|
| Sarah Bannister, | : | |
| | : | |
|                Plaintiff, | : | |
| | : | |
|     -against- | : | Adv. Pro. No. 15-01418 (JLG) |
| | : | |
| Sallie Mae Education Trust, | : | |
| c/o Navient Solutions, LLC, *et. al*, | : | |
| | : | |
|              Defendants. | : | |

-------------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER RESOLVING MOTION OF SARAH BANNISTER TO VACATE SETTLEMENT AS VOID UNDER 11 U.S.C. § 524

A P P E A R A N C E S :

SMITH LAW GROUP LLP
*Attorney for Plaintiff Sarah Bannister*
3 Mitchell Place
New York, NY 10017
By:    Austin C. Smith, Esq.


MCGUIRE WOODS LLP
*Attorney for the Defendant Sallie Mae Education Trust*
*c/o Navient Solutions, LLC*
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
By:    Shawn R. Fox, Esq.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction

Sarah Bannister (the "Debtor") is a chapter 7 debtor herein. She is indebted to Navient

Solutions, Inc. ("Navient") in the sum of approximately $125,000 on account of five Tuition

Answer Loans (collectively, the "Navient Loans") to her daughter. That indebtedness (the

"Navient Debt") is evidenced by five promissory notes (the "Navient Notes"). The Debtor filed

this adversary proceeding in part to obtain a hardship discharge of the Navient Debt under

section 523(a)(8) of the Bankruptcy Code (the "Adversary Proceeding"). The Debtor and

Navient did not litigate the matter to a conclusion. Instead, they settled the litigation by agreeing

in substance that the Navient Loans are nondischargeable education loans under section

523(a)(8) of the Bankruptcy Code, payable in a reduced amount over an extended period of time,

at a fixed rate of interest (the "Stipulation for Settlement").  On May 31, 2017, the Court

approved that settlement.  The ma)tter before the Court is the Debtor's motion to vacate the

Stipulation for Settlement as void under section 524 of the Bankruptcy Code (the "Motion").[1]

Navient objects to the Motion (the "Objection").[2] For the reasons stated herein, the Court

sustains the Objection and denies the Motion.

## Jurisdiction

---

[1]     *See* Amended Motion And Memorandum of Law In Support Of Motion To Vacate Settlement As Void Under Section 524 [ECF No. 101 (Adv. Pro. 15-01418)] and Plaintiff's Reply In Further Support Of The Motion To Vacate Settlement As Void [ECF No. 116 (Adv. Pro. 15-01418)] (the "Reply").   Citations to "ECF No. _ (Adv. Pro. 15-01418)" refer to documents filed of record in this adversary proceeding.  Citations to "ECF No. _ (09-16875)" refer to documents filed in the main case.

[2]     *See* Objection to Amended Motion To Vacate Settlement As Void Under Section 524 [ECF No. 114 (Adv. Pro. 15-01418)] (the "Objection"); the Declaration of Joseph Florczak In Support Of Objection To Amended Motion To Vacate Settlement As Void Under Section 524 (the "Florczak Decl."); and Defendant's Sur-Reply To Plaintiff's Reply In Further Support Of The Motion To Vacate Settlement As Void [ECF No. 118 (Adv. Pro. 15-01418)] (the "Sur-Reply").

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### Facts[3]

On November 18, 2009, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Petition") herein.[4] The Schedules annexed to the Petition did not include any student loan obligations. On May 24, 2010, the Debtor received her discharge in bankruptcy.[5] On May 10, 2012, the Debtor filed a motion to reopen her chapter 7 case in order to include the Navient Debt within the scope of her chapter 7 discharge due to hardship.[6] On May 22, 2012, the Court granted Debtor's motion and reopened the case.[7] On December 12, 2015, the Debtor filed a Complaint commencing this Adversary Proceeding.[8] On December 17, 2015, the Debtor filed her Amended Complaint.[9]

Except in cases of undue hardship, a bankruptcy discharge does not discharge a debtor from any enumerated education-related debt in section 523(a)(8) of the Bankruptcy Code. In support of the Amended Complaint, the Debtor asserts that the "adversary proceeding is brought

---

[3]      The Facts are not in dispute.

[4]      *See* ECF No. 1 (09-16875).

[5]      *See* ECF No. 11 (09-16875).

[6]      *See* ECF No. 13 (09-16875).

[7]      *See* ECF No. 14 (09-16875).

[8]      *See* Complaint Seeking Dischargeability of Plaintiff's Student Loan Obligations [ECF No. 1 (Adv. Pro. 15-01418)].

[9]      *See* First Amended Complaint Seeking Dischargeability of Plaintiff's Student Loan Obligations [ECF No. 2 (Adv. Pro. 15-01418)].

under 11 U.S.C. §523(a)(8) and Fed. R. Bankr. P. 7001," and that she is seeking "a determination that [her] student loan obligations should be subject to discharge in this bankruptcy case on the basis of undue hardship." Amended Complaint ¶ 2. In particular, she alleges that the (i) Navient Loans are "student loan[s] within the purview of 11 U.S.C. §523(a)(8)[,]" and "[n]ot excepting the [Navient Loans] from discharge would result in an undue hardship for Plaintiff Sarah Bannister." *Id.* ¶¶ 28, 29. In its answer to the Amended Complaint (the "Answer")[10], Navient admitted that the Debtor is indebted to Navient on account of the Navient Loans (Answer ¶¶ 8, 11) and that the loans are within the purview of section 523(a)(8) of the Bankruptcy Code. *Id.* ¶ 28. However, Navient denied any assertion that the Debtor suffers undue hardship, "because Navient is without information or knowledge sufficient to form a belief as to the truth of this averment." *Id.* ¶ 2; *see also id.* ¶ 29.

On May 3, 2017, Navient noticed the Stipulation for Settlement for presentment.[11] Without limitation, in that stipulation, the Debtor and Navient agreed that the Debtor is indebted to Navient in the aggregate amount of $123,867.39 (the "Outstanding Balance") on account of the Navient Loans, that the indebtedness is evidenced by the Navient Notes, and that the "Outstanding Balance is currently due and owing on the [Navient] Loans evidenced by the [Navient] Notes, and the [Navient] Loans evidenced by the [Navient] Notes are nondischargeable educational loans, pursuant to 11 U.S.C. § 523(a)(8) . . . " Stipulation for Settlement at 2. They also agreed to dismiss Navient as a defendant in the Adversary Proceeding subject to the terms of the settlement, upon Court approval of the settlement. The terms of the Stipulation for Settlement include:

---

[10]    *See* Navient Solutions, Inc.'s Answer to Amended Complaint Seeking Dischargeability of Plaintiff's Student Loan Obligations [ECF No. 5 (Adv. Pro. 15-01418)].

[11]    *See* Notice of Presentment and Stipulation for Settlement Between Plaintiff and Navient Solution, Inc. and For Dismissal of Navient Solutions, Inc. As A Defendant in the Adversary Proceeding [ECF No. 22 (Adv. Pro. 15-01418)].

For so long as Plaintiff does not default under this Stipulation, the balance shall be reduced to $90,000.00 ("Reduced Balance"), and the variable interest rate shall be reduced to a fixed rate of 1% ("Reduced Interest"), and Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $289.48 per month for a period of three hundred sixty (360) consecutive months.

The following shall be Events of Default hereunder: (a) Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date, without securing Navient's agreement to a forbearance of such payment(s); or (b) Plaintiff commences any further legal proceedings against Navient, its successors or assigns.

Upon the occurrence of an Event of Default under this Stipulation, any forgiveness of the principal and interest is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance plus interest pursuant to the applicable terms of the Promissory Notes (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

Stipulation for Settlement ¶¶ 1, 3, 4.  On May 31, 2017, the Court approved the Stipulation for Settlement and dismissed Navient from the Amended Complaint.[12]

## **Motion**

The Debtor contends that the Navient Loans are not qualified education loans under section 523(a)(8) of the Bankruptcy Code because, among other things, the Debtor did not incur them to pay qualified higher education expenses, and they exceeded the student's cost of attendance. *See* Motion at 1, 4-12. She asserts that the Stipulation for Settlement constitutes an invalid reaffirmation agreement and is void *ab initio* because all of the Navient Loans or some of them had been discharged in the Debtor's chapter 7 case and because the stipulation does not satisfy the requirements of section 524(c) of the Bankruptcy Code. *Id.* at 1-2. The Debtor argues that, as she prepares to file a petition under chapter 13 of the Bankruptcy Code, Navient should

---

[12]     *See* Order Approving Stipulation for Settlement Between Plaintiff and Navient Solutions, Inc. and Dismissing Navient Solutions, Inc. as a Defendant in this Adversary Proceeding [ECF No. 23 (Adv. Pro. 15-01418)].

not be permitted to recover through her anticipated chapter 13 plan indebtedness that was previously discharged by the Court. *Id.* at 1.

In opposing the Motion, Navient contends that section 524(c) is not applicable to this Court ordered settlement of the Adversary Proceeding embodied in the Stipulation for Settlement, and that the stipulation controls the dischargeability of the Navient Loans. It asserts that is so because the Stipulation for Settlement operates as a waiver of dischargeability, as it specifically identified the Navient Loans as nondischargeable education loans under section 523(a)(8). Objection at 2-3. It also asserts that as section 524(c) is not applicable to the stipulation, the Debtor's only avenue for relief from the Stipulation for Settlement is through Rule 60(b) of the Federal Rules of Bankruptcy Procedure ("Rule 60(b)").[13] Navient maintains that the Debtor cannot demonstrate grounds for relief from the Stipulation for Settlement under Rule 60(b). *Id.* at 4-7.

In her Reply, the Debtor argues that section 524 is not applicable herein because in its Objection, Navient conceded that the Navient Debt has been discharged. Reply at 2-3. She also contends that the Stipulation for Settlement is a "consent decree," and not a "judgment," and that the "exceptional circumstances" standard under Rule 60(b) is not relevant to the issue of the enforcement of the Stipulation for Settlement. *Id.* at 3-5. Below, the Court considers these matters and the Debtor's contentions regarding the application of section 524 to the Stipulation for Settlement.

## **Discussion**

---

[13]     Rule 60(b) is made applicable herein by Federal Rule of Bankruptcy Procedure 9024.

In the Motion, the Debtor argues, at length, why, in her view, the Navient Loans are dischargeable under section 523(a)(8) of the Bankruptcy Code. *See* Motion at 2-13.[14]  The Debtor contends that because Navient makes no attempt in its Objection to rebut any of those arguments, the Court should conclude that Navient has conceded that the Navient Debts are dischargeable and were indeed discharged in her chapter 7 case. Reply at 2-3.  In doing so, the Debtor relies on cases that support the proposition that in appropriate circumstances, a court may infer from a party's conduct in the course of litigation that it has abandoned  claims or defenses that it could assert in that litigation.[15]  That principle is not applicable herein because the question of whether the Navient Loans are dischargeable debts under the Bankruptcy Code is not at issue in the Motion.  At issue is whether the Court should void the Stipulation for Settlement. Navient was not bound to rebut any of the Debtor's contentions regarding the dischargeability of the Navient Loans.  Moreover, and in any event, in its Objection and Sur-Reply, Navient maintains that the Navient Debt is not dischargeable in bankruptcy. It notes that in each of the Navient Loans, the Debtor conceded that the loans were issued and expressly conditioned upon the use of loan proceeds for qualified education expenses.[16]

---

[14]    As noted, in the Amended Complaint, the Debtor alleges that the Navient Loans are "student loan" within the scope of section 523(a)(8) of the Bankruptcy Code. *See* Amended Complaint ¶ 28. Debtor was represented by counsel in filing the Amended Complaint. She has new counsel for this Motion.

[15]    *See* Reply at 2 (citing *Hallmark Licensing, LLC v. Dickens, Inc.*, Case No. 17CV2149SJFAYS, 2020 WL 6157007, at *9 (E.D.N.Y. Oct. 21, 2020) ("A court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016) ("Even where abandonment by a counseled party is not explicit, a court may infer abandonment from the papers and circumstances viewed as a whole."); *Patacca v. CSC Holdings, LLC*, Case No. 16CV0679SFJARL, 2019 WL 1676001, at *13 (E.D.N.Y. Apr. 17, 2019) (collecting cases).

[16]    As support, Navient points to the certifications in the loan documents executed by the Debtor. Sur-Reply at 2 (citing Ex. A to Florczak Decl. at PDF p. 20 (Aug. 2005 Promissory Note Section N 2); *id.* at PDF pg. 26 (Feb. 2006 Promissory Note Section N 2.); *id.* at PDF pg. 35 (July 2006 Promissory Note Section P.5); *id.* at PDF pg. 45 (Oct. 2006 Section P.5); *id.* at PDF pg. 58 (Jul. 2007 Promissory Note Section Q.2).

The Court next considers whether section 524 governs the enforceability of the
Stipulation for Settlement. Section 727 of the Bankruptcy Code governs a chapter 7 debtor's
discharge in bankruptcy. *See* 11 U.S.C. § 727. Section 727(a) states the general rule that "[t]he
court shall grant the debtor discharge" and thereafter lists twelve exceptions to that general rule.
Section 727(b) provides that except as provided in section 523 of the Bankruptcy Code:

> a discharge [section 727(a)] discharges the debtor from all debts that arose before
> the date of the order for relief under this chapter, and any liability on a claim that
> is determined under section 502 of this title as if such claim had arisen before the
> commencement of the case, whether or not a proof of claim based on any such debt
> or liability is filed under section 501 of this title, and whether or not a claim based
> on any such debt or liability is allowed under section 502 of this title.

11 U.S.C. § 727(b). Section 523 of the Bankruptcy Code lists the "Exceptions to discharge," and
section 524 governs the "Effect of discharge." In general, a creditor must commence an
adversary proceeding during the pendency of the bankruptcy case to determine whether a debt is
excepted from the discharge of an individual debtor under section 523. *See* 11 U.S.C. § 523(c).
"If no complaint is timely filed, the exception is lost, and the debt is discharged under § 727." *In
re Haroon*, 313 B.R. 686, 689 (Bankr. E.D. Va. 2004).

Student loans are generally nondischargeable. However, section 523(a)(8) contains
exceptions to that general rule, as follows:

> unless excepting such debt from discharge under this paragraph would impose an
> undue hardship on the debtor and the debtor's dependents, for-
>
> (A)
>
>> (i) an educational benefit overpayment or loan made, insured, or guaranteed
>> by a governmental unit, or made under any program funded in whole or in
>> part by a governmental unit or nonprofit institution; or
>>
>> (ii) an obligation to repay funds received as an educational benefit,
>> scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

11 U.S.C. § 523(a)(8). This section is self-executing. "A student loan creditor is not required to seek a dischargeability determination during the pendency of the bankruptcy case. The failure to seek a dischargeability determination does not alter the fact that the debt is or is not discharged upon entry of the discharge order. It merely avoids a judicial declaration of that fact at that time." *In re Haroon*, 313 B.R. at 689. *See also In re McDaniel*, 590 B.R. 537, 552 (Bankr. D. Colo. 2018), *aff'd* and remanded, 97 F.3d 1083 (10th Cir. 2020) (holding the dischargeability of student loan debts under section 523(a)(8), which is self-executing, is not altered by the choice of either party to forgo commencing an adversary proceeding and proceeding at their own risk); 4 Collier on Bankruptcy, 11523.04 (16th ed. revised 2020) ("There are no specific time deadlines imposed by the Code or the Federal Rules of Bankruptcy Procedure for the determination of the dischargeablity of a debt with respect to section 523(a) discharge exception other than those arising under subsections 523(a)(2), (4) and (6).").

Pursuant to section 524(a) of the Bankruptcy Code, a bankruptcy discharge voids any judgment of personal liability with respect to any debt discharged under the Bankruptcy Code, whether or not discharge of such debt is waived, and operates as an injunction against actions to collect any such debt as a personal liability of the debtor. *See* 11 U.S.C. § 524(a)(1), (a)(2). A debtor can waive those protections and reaffirm debts on a debt-by-debt basis, provided that it satisfies sections 524(c) and (d) of the Bankruptcy Code. *See* 11 U.S.C. §§ 524(c), (d). *See also In re Bagbag,* 595 B.R. 164, 169 (Bankr. S.D.N.Y. 2018) ("the Bankruptcy Code permits a debtor to reaffirm a debt that otherwise would be discharged, but it imposes strict limits on the manner in which a debtor may do so."); *In re Collins*, 243 B.R. 217, 219 (Bankr. D.

8

Conn. 2000) ("A reaffirmation agreement is enforceable only if it is in writing and satisfies

certain other statutory criteria.") (citing 11 U.S.C. §§ 524(c), (d)).

Section 524(c) provides the only means by which a debtor can reaffirm an otherwise

dischargeable debt. *See In re Cruz*, 254 B.R. 801, 813 (Bankr. S.D.N.Y. 2000) (noting that a

reaffirmation agreement that complies with section 524(c) is the only manner in which a liability

on a pre-petition debt can survive a discharge). *See also In re Beschloss,* Case No. 15-12139,

2018 WL 2138276, at *2 (Bankr. S.D.N.Y. May 8, 2018) (emphasizing that the point of section

524(c) is to protect debtors who promise to make payments on discharged debts by saying that

those promises are unenforceable unless certain conditions are met.").   Under that section, "[a]n

agreement between a holder of a claim and the debtor, the consideration of which, in whole or in

part, is based on a debt that is dischargeable in a case under this title is enforceable…whether or

not discharge of such debt is waived" only under specific conditions. 11 U.S.C. § 524(c). One

such provision is that "such agreement was made before the granting of a discharge under

section 727 [of the Bankruptcy Code]." *Id.* § 524(c)(1).  Without limitation, to be enforceable

these agreements also must be filed with the court and must contain "a clear and conspicuous

statement" that the debtor may revoke the agreement within 60 days of its filing (or until

discharge, whichever occurs later). *Id.* §§ 524(c)(3), (c)(4). If the debtor was represented by an

attorney during the negotiation of the agreement, the attorney must include an affidavit reciting

that the debtor was fully informed about the agreement and that it does not impose an undue

hardship on him or his dependent. *Id.* § 524(c)(3).

The Debtor filed her Petition on November 18, 2009.  She did not identify any of the

Navient Loans in the Petition.  A student loan is not discharged in a chapter 7 bankruptcy case

unless the Court determines that repayment of the debt would constitute an undue hardship. 11

U.S.C. § 523(a)(8).

> Until a judicial determination is made of "undue hardship," educational debts are
> presumptively nondischargeable, meaning that it is incumbent on a debtor to bring
> an action to have a student loan adjudicated dischargeable, otherwise, the debt
> will not be subject to a court's order of discharge. *Tenn. Student Assistance Corp.
> v. Hood,* 541 U.S. 440, 450, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) (§ 523(a)(8)
> is "self-executing" so that "[u]nless the debtor affirmatively secures a hardship
> determination, the discharge order will not include a student loan debt.")

*Barrett v. Great Lakes,* 417 B.R. 471, 475 (Bankr. N.D. Ohio 2009). On May 24, 2010, the

Debtor received her discharge in bankruptcy. The Debtor did not sue to determine the

dischargeability of the Navient Loans until December 12, 2015. Because the Navient Loans are

presumptively nondischargeable under section 523(a)(8), the Court's May 24, 2010 order of

discharge did not relieve the Debtor of her obligation to pay the Navient Debts. *Id.* The Debtor

contends that the Stipulation for Settlement is unenforceable because it fails to satisfy the

procedural requirements of section 524(c). Motion at 1-2. The stipulation plainly fails to satisfy

section 524(c) because it does not contain "a clear and conspicuous statement" that the Debtor

may revoke the agreement within 60 days of its filing. Moreover, although the Debtor was

represented by counsel in making the agreement, the attorney did not submit an affidavit reciting

that the Debtor was fully informed about the agreement and that it does not impose an undue

hardship on her or her dependents.

Navient does not deny that the Stipulation for Settlement fails to satisfy section 524(c). It

maintains that section 524(c) is inapplicable herein because section 524(a) addresses questions

relating to discharged debts, and the Stipulation for Settlement resolves the issue of whether the

bankruptcy discharge applied to the Navient Loans at all. Objection at 3-4. The Court finds

merit to that contention. The case law is clear that otherwise enforceable waivers of discharge

10

executed in resolving a dispute in the bankruptcy court regarding the dischargeability of a debt, do not have to satisfy the requirements governing reaffirmation agreements under section 524 of the Bankruptcy Code. The case of *In re Martinelli,* 96 B.R. 1011 (B.A.P. 9th Cir. 1988) is instructive. There the chapter 7 debtors stipulated in the bankruptcy court that Valley Bank's claim was nondischargeable under section 523(a)(2)(B) of the Bankruptcy Code and agreed to pay the indebtedness pursuant to an agreed schedule of payments. The debtors made several payments, and then defaulted on the payment schedule. Valley Bank moved for a judgment pursuant to the terms of the stipulation. *Id*. at 1012. In opposing that motion, the debtors argued, among other things, that the stipulated judgment failed to meet the requirements for reaffirmation of a dischargeable debt under sections 524(c) and (d) of the Bankruptcy Code. The bankruptcy court overruled the objection and granted the motion. *Id*. On appeal the B.A.P. affirmed, finding that "Section 524(c) by its express terms only applies to debts that are dischargeable. In this case, the stipulated judgment entered into by the parties provided that the debt was nondischargeable. Thus, where the parties have stipulated that the debt is nondischargeable, the provisions of § 524(c) are not applicable." *Id*. at 1014. *See also Saler v. Saler (In re Saler)*, 205 B.R. 737, 746-47 (Bankr. E.D. Pa. 1997) (holding that debtor's earlier settlement of nondischargeability litigation of section 523(a)(5) exemption did not constitute "reaffirmation"; consequently, section 524(c), by its terms, held inapplicable), *aff'd*, 217 B.R. 166 (E.D. Pa. 1998).[17]

---

[17] The *Saler* court found that "a debtor may validly settle bankruptcy nondischargeability litigation without following the reaffirmation provisions of section 524(c), and such a settlement will be enforceable if approved by the bankruptcy court." 205 B.R. at 746. In reaching that conclusion, the court noted that

> The debtor suggests no reason, let alone a persuasive reason, why the bankruptcy statute should be construed to prohibit settlements of dischargeability litigation, when Congress clearly intended that such litigation could be brought after the bankruptcy case was closed. It is more persuasive to conclude that Congress did not intend for the provisions of section 524(c) to apply to dischargeability litigation.

The Adversary Proceeding directly addresses the issue of whether the Navient Debt is dischargeable in bankruptcy, in the Stipulation for Settlement, the Debtor stipulated that the Navient Debt is excepted from discharge under section 523(a)(8), and the Court approved the Stipulation for Settlement. The stipulation resolves the issue of the dischargeability of the Navient Debt. Based upon the authorities discussed herein, section 524 has no application to Stipulation for Settlement. The Court finds no merit to the Debtor's contentions to the contrary. The cases cited by Debtor in support of the argument that section 524(c) applies to the stipulation

---

*Id*. at 749. The Court finds *Martinelli* and *Saler* persuasive authorities. The decisions in *In re Laing*, Case No. 92-00612-C, 1993 WL 732230 (N.D. Okla. 1993), *aff'd*, 31 F.3d 1050 (10th Cir.1994), and *Lichtenstein v. Barbinel*, 161 F. App'x 461 (6th Cir. 2005) also are instructive. In *Laing*, the debtor agreed in a chapter 11 case that a debt to a creditor was nondischargeable. That agreement was made as part of a confirmed chapter 11 plan, and the plan confirmation order noted the nondischargeable nature of that debt. The debtor later filed another bankruptcy case and sought a determination that his consent to the nondischargeability of the claim under the chapter 11 plan was invalid. 1993 WL 732230, at *2. The district court denied that request:

> The parties clearly agreed to the [confirmation] order knowingly and willingly. This court concurs with appellees' contention that the public policy denying preclusive effect to state court consent determinations of nondischargeability should not apply in a bankruptcy context, where a bankruptcy court has approved nondischargeability by agreement in approving a Chapter 11 Plan . . . . Here the bankruptcy court approved the settlement, with all creditors appearing, while a state court action would not necessarily involve all of them.

> The public policy with regard to the provision of a "fresh start" for debtors following bankruptcy cannot be precluded by a state court judgment, but is inapplicable to an agreement consented to by all parties in the context of a bankruptcy. The behavior of the appellees during this bankruptcy action has been based on debtor's agreement in the prior bankruptcy action that the debt at issue "is not a dischargeable debt."

*Id*. at *4. In *Lichtenstein v. Barbonel*, the chapter 7 debtor stipulated in the bankruptcy case to the nondischargeability of any claims that the debtor's spouse may have had arising out of their pending state court divorce action. 161 F. App'x at 463. The debtor subsequently received a discharge in bankruptcy. *Id*. Twelve years later, in his second chapter 7 case, the debtor sought a determination that the debt under the original stipulation was subject to discharge. *Id*. at 463-64. The bankruptcy court dismissed the debtor's complaint and held that the debtor "waived his right to challenge the dischargeability of the debt ... when he entered into the Stipulation and it was approved by the Bankruptcy Court." *Id*. at 464 (internal quotation marks omitted). The district court and the Sixth Circuit affirmed the bankruptcy court's holding. The *Lichtenstein* court stated that when the debtor executed the written Stipulation and moved the bankruptcy court to enter an order approving that Stipulation, he intentionally and unequivocally relinquished his right to have the underlying indebtedness discharged in that first bankruptcy case. Accordingly, once the bankruptcy court approved the Stipulation of Nondischargeability and entered the Agreed Order on January 23, 1992, the stipulation became a valid waiver of discharge under section 727(a)(10). *Id*. at 465.

are inapposite because none of them involve agreements reached regarding the dischargeability

of debts in the settlement of litigation in the bankruptcy court.[18]

---

[18]    For example, the debtor in *In re Zarro*, 268 B.R. 715 (Bankr. S.D.N.Y. 2001) defaulted on a promissory note executed in conjunction with his post-petition settlement agreement with a creditor concerning discharged debt, who subsequently obtained a state court judgment against debtor following his default on the post-petition settlement. Thereafter, the debtor brought an adversary proceeding against creditor, seeking to declare the judgment debt discharged and void, and to compel creditor to discontinue the state court proceedings with prejudice. *Id.* at 720. The court found that the post-petition settlement agreement did not satisfy the procedural requirements of section 524. The court rejected the creditor's argument that the promissory note and settlement agreement involved new consideration and that section 524(c) was therefore inapplicable, noting the debtor's promise "was rooted in his discharged, pre-petition obligation, and that is what he agreed to pay." *Id.* at 722. Further, the court noted the enforcement of non-complying reaffirmation agreements based on the debtor's receipt of new consideration may be appropriate if they did not involve the reaffirmation of discharged personal debts, but concerned post-petition promises to pay nondischargeable debts. *Id.* 721-22 (citing *In re Button*, 18 B.R. 171, 172 (Bankr. W.D.N.Y. 1982) (note given in satisfaction of nondischargeable criminal restitution claim)*; In re Watson*, 192 B.R. 739, 748 (9ᵗʰ Cir. 1996) (promise to pay secured creditor who was seeking to foreclose on its collateral after the stay was terminated); *Minster State Bank v. Heirholzer (In re Heirholzer)*, 170 B.R. 938, 941 (Bankr. N.D. Ohio 1994); (same); *In re Petersen*, 110 B.R. 946, 950 (Bankr. D. Colo. 1990) (agreement to continue real property lease rejected by Trustee and not in default)).

In *In re McDaniel*, 590 B.R. 537 (Bankr. D. Colo. 2018), *aff'd* and remanded, 973 F.3d 1083 (10th Cir. 2020), the plaintiff alleged that she repaid portions of student loans, which did not fall under the exemption of section 523(a)(8), based on defendant Navient's "material misrepresentations regarding the legal status and character" of the loans. *Id.* 543. Plaintiff asserted defendant Navient post-discharge collection efforts were made "knowingly and willfully in violation of the court's discharge orders and must be sanctioned. *Id.* The *McDaniel* court denied Navient's motion to dismiss, finding that the underlying facts were not sufficiently developed to make a determination that section 523(a)(8)(A)(ii) did not encompass the student loans. *Id.* at 551. Further, the court rejected Navient's argument that the plaintiff was barred by the principles of res judicata from asserting the student loans were exempted from section 523(a)(8) solely because the plaintiff's chapter 13 plan identified the Navient debt as "educational". *Id.* at 545. The court noted the chapter 13 plan is not a final determination on the merits, nor did the plan identify the student loans as either dischargeable or nondischargeable, and therefore could not preclude plaintiff's claim on the basis of res judicata. *Id.* at 546. Noting the self executing nature of section 523(a)(8), the court found that parties "proceed at their own risk" in running afoul of section 524 when collecting prior to seeking determination of dischargeability after an order of discharge is entered, and concluded plaintiff had stated a valid claim for contempt under section 524(a)(2). *Id.* at 552.

Finally, in *Venture Bank v. Lapides,* 800 F.3d 442 (8th Cir. 2015), the debtor entered into a post-discharge "Change in Terms Agreements," which extended the maturity date of pre-petition mortgage debt and required the debtor to repay all of the previously discharged debt. In striking the post-petition agreements, the court stated that "[w]hen a post-discharge agreement does nothing but obligate a debtor to repay a discharged debt, it is inconsistent with § 524(c)," and unenforceable as a matter of federal law. *Id.* at 446. The court found that "the post-discharge Change in Terms Agreements were not enforceable § 524(c) reaffirmation agreements, most obviously because they were entered into after [the debtor's] bankruptcy discharge and were not filed with the bankruptcy court." *Id.* Further, the court rejected Venture Bank's argument that the agreements were nonetheless valid because they were supported by consideration separate from the discharged personal debt. *Id.* at 447 ("a secured creditor's post-discharge forbearance is not sufficient to take a reaffirmation agreement outside the purview of § 524(c).") (citing *In re Am. Rice, Inc.,* 448 F. App'x. 415, 420 (5th Cir. 2011)).

The Court now considers Navient's assertion that the Debtor is not entitled to relief from the Stipulation for Settlement under Rule 60(b). That rule states that the Court may relieve a party from a final judgment, order or proceeding only on a showing of one of the following grounds:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party);
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citing *House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982)). Although "it should be broadly construed to do substantial justice, ... final judgments should not be lightly reopened." *Id.* (quotations omitted). Accordingly, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden of proof is on the party seeking relief from judgment." *Id.*

A motion asserting grounds for relief under Rules 60(b)(1)-(3) must be made no later than one year of the date of the entry of the underlying judgment or order. *See* Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding"). The Debtor is barred from obtaining relief under those provisions, as the Court entered the Settlement Agreement more than three years ago. *See Jackson v. Refined Sugars, Inc.*, 24 F.

14

Supp. 2d 322, 324 (S.D.N.Y. 1998) (Plaintiff's motion brought more than one year after

judgment was untimely under Rule 60(b)(1)); *see also Wyche v. Advanced Drainage Sys., Inc*.,

332 F.R.D. 109, 113 (S.D.N.Y. 2019) ("A motion under Rule 60(b)(2) must be filed no more

than one year after entry of the judgment.") citing *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.

2000)).  For purposes of Rule 60(b)(4), a judgment is void "only if the court that rendered it

lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent

with due process of law."  *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006)

(citations omitted). *See also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271

(2010) (relief under Rule 60(b)(4) is available only if the court entering the judgment lacked an

arguable basis for jurisdiction). It is inapplicable here because the Court did not lack jurisdiction

of any kind in approving the Stipulation for Settlement, and in doing so, did not act in a manner

inconsistent with due process of law.

In support of her contention that Rule 60(b)(5) is applicable, the Debtor asserts that

"howsoever Navient characterizes the language in either the promissory notes or the Settlement,

such language is void against public policy," and cites to cases in which courts have rejected a

lender's assertion that prepetition waivers of discharge are binding on debtors. Reply at 4.  Those

cases are inapposite.[19]  The Stipulation for Settlement is not a prepetition agreement to waive

---

[19]    *See Mader v. Experian Info. Sols., LLC*, Case No. 19 CIV. 3787 (LGS), 2020 WL 5416337, at *2
(S.D.N.Y. Sept. 3, 2020) (noting that "it is against public policy to use a promissory note to concede
nondischargeability," but finding that the lender did not use the purported waiver as evidence of the
nondischargeability of the debt); *In re Nicholls*, Case No. 10-70650-DTE, 2010 WL 5128627, at *2 (Bankr.
E.D.N.Y. Dec. 10, 2010) (rejecting lender's use of debtor's purported prepetition waiver of discharge as evidence of
the nondischargeability of the debt); *In re Weitzen*, 3 F. Supp. 698 (S.D.N.Y. 1933) (confirming bankruptcy
referee's rejection of debtor's prepetition waiver of discharge as proof of the nondischargeability of his debt.  "The
agreement to waive the benefit of bankruptcy is unenforceable. To sustain a contractual obligation of this character
would frustrate the object of the Bankruptcy Act.").  The Debtor also cites to *Fallick v. Kehr*, 369 F.2d 899, 904 (2d
Cir. 1966).  However, that case involved the enforcement of a prepetition agreement to arbitrate the issue of the
dischargeability of a debt, not a prepetition waiver of the discharge of that debt.

discharge.  Moreover, assuming that the Navient Loans contain allegedly offensive language regarding the dischargeability of the debt, it was not the basis for the parties' settlement. The Debtor also contends, without legal or factual support, that the Stipulation for  Settlement is a consent decree, not a judgement.  She asserts that by application of *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992), to vacate the Stipulation for Settlement pursuant to Rule 60(b), she needs only to demonstrate that there has been "a significant change either in factual conditions or in law."  Reply at 3.  Navient denies that the Stipulation for Settlement is a consent decree.  In *Pedreira v. Sunrise Children's Services, Inc.,* 802 F.3d 865 (6th Cir. 2015), the Sixth Circuit described a consent decree, as follows:

> "A consent decree is essentially a settlement agreement subject to continued judicial policing." *Williams v. Vukovich,* 720 F.2d 909, 920 (6th Cir.1983). Consent decrees typically have two key attributes that make them different from private settlements. First, when a court enters a consent decree, it retains jurisdiction to enforce the decree. *Id*. In contrast, the parties to a private settlement typically must bring another suit (for breach of contract) to enforce it. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Second, a consent decree puts "the power and prestige of the court behind the compromise struck by the parties." *Williams,* 720 F.2d at 920. The same is not true of a dismissal order that does not incorporate the parties' terms.

802 F.3d at 871.  The Stipulation for Settlement lacks both "key attributes," as the Court has not retained jurisdiction to enforce the stipulation, and it is not subject to continued judicial policing. In any event, irrespective of the label attached to the Stipulation for Settlement, the Debtor is not entitled to relief from the Stipulation for Settlement under Rule 60(b)(5).

As relevant, Rule 60(b)(5) authorizes relief from a judgment or order where "applying it prospectively is no longer equitable."  *See* Rule 60(b)(5); *see also Matter of Hendrix,* 986 F.2d 195, 198 (7th Cir. 1993) (Rule 60(b)(5) "authorizes relief from a judgment whenever it is no longer equitable that the judgment should have prospective application.") (internal quotations

omitted).  By its terms, this provision applies only to "forward-looking judgments, such as injunctions and consent decrees . . . that involve "long-term supervision of changing conduct or conditions." *Comfort v. Lynn Sch. Comm.,* 560 F.3d 22, 28 (1st Cir. 2009) (quoting *Paul Revere Variable Annuity Ins. Co. v. Zang,* 248 F.3d 1, 7 (1st Cir. 2001).  It "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 441 (2004).  Neither Rule 60(b)(5) nor the accompanying Advisory Committee Notes define what constitutes a prospective application. *Tapper v. Hearn,* 833 F.3d 166, 170 (2d Cir. 2016).  "Of course, '[v]irtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect.'" *Id.* (quoting *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C. Cir. 1988)). "That a court's action has continuing consequences, however, does not necessarily mean that it ['appl[ies] ... prospectively'] for the purposes of Rule 60(b)(5)." *Id.*  The terms "executory" and "prospective," connote something that will take full effect or be operative at a future time. *Colon v. Berryhill*, Case No. 1:15-CV-00834-MAT, 2019 WL 5305469 at, *6 (W.D.N.Y. Oct. 21, 2019). An order has "prospective application" within the meaning of Rule 60(b)(5) if "it is executory or involves the supervision of changing conduct or conditions." *Twelve John Does v. District of Columbia,* 841 F.2d at 1139 (quotations omitted).

The Stipulation for Settlement resolved the dispute among the Debtor and Navient regarding the dischargeability of the Navient Debt.  It fixed the parties' rights as to the dischargeability of that debt.  It is not executory as it "did not leave open future adjudication of any issues regarding the rights of the parties now at issue [in the Amended Complaint]." *Tapper v. Hearn*, 833 F.3d at 171. *See also United States v. Kayser-Roth Corp., Inc.*, 103 F. Supp. 2d 74, 79 (D. R.I. 2000) ("A judgment may be deemed to have 'prospective application' or to be

'executory' if it does not fix all of the rights and liabilities of the parties and leaves some of those rights and liabilities to be determined on the basis of future events."), *aff'd sub nom. United States v. Kayser-Roth Corp.*, 272 F.3d 89 (1st Cir. 2001).   It is not prospective, since it constitutes the determination of the Debtor's present right to the discharge of the Navient Debt. The fact that she agreed to pay off the nondischargeable debt at a reduced rate over time, does not make the agreement prospective or executory.  *See DeWeerth v. Baldinger,* 38 F.3d 1266, 1276 (2d Cir. 1994) (declaration of rights to title to personal property is not executory even when physical transfer of the property is required to comport with the declaration of rights.)  *See also Tapper*, 833 F.3d at 171 ("[A] judgment is not prospective under Rule 60(b)(5) where, as here, "its only prospective effect is to preclude relitigation of the issues decided." *Id.* at 171 (citing *DeWeerth v. Baldinger*, 38 F.3d at 1276).  The Debtor is not entitled to relief from the Stipulation for Settlement under Rule 60(b)(5).

Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment provided the motion is made within a reasonable time and is not premised on the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2204 (1988).  A party seeking relief under Rule 60(b)(6) is required to "show 'exceptional circumstances' in order to justify the relief requested."  *In re Petition of Bd. of Directors of Hopewell Int'l Ins., Ltd.*, 281 B.R. 200, 207 (Bankr. S.D.N.Y. 2002); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. at 863–864, n. 11; Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2857 (3d ed. 2012). In determining whether exception circumstances are present, the court may consider "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137

18

S.Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. at 863-864).

The Stipulation for Settlement resolved the Debtor's claims against Navient without need for further litigation in the Adversary Proceeding and, upon the approval and entry by the Court, dismissed Navient from the Adversary Proceeding. The terms of the Stipulation for Settlement identified the Navient Loans as nondischargeable educational loan under section 523(a)(8) and provided for the Debtor to repay a Reduced Balance at the Reduced Interest rate on a monthly basis for an extended period three hundred and sixty consecutive months. *See* Stipulation for Settlement ¶ 1. Following an Event of Default by the Debtor, as defined by the Stipulation for Settlement, any forgiveness of the principal and interest would be revoked, and the Debtor would be liable for the full amount of the Outstanding balance plus interest. *Id.* ¶¶ 3, 4.

Nothing with respect to the circumstances surrounding Stipulation for Settlement, the terms therein, or the Debtor's condition at the time of the Motion demonstrate "exceptional circumstances" warranting relief under Rule 60(b)(6). Common to any settlement of litigation claims, the Debtor and Navient, through counsel, agreed to a compromise. In exchange for a reduction in the Navient Debt and more favorable terms, the Debtor agreed to the dismissal of Navient from the Adversary Proceeding. Further, the Debtor demonstrated no change in circumstances at this time, outside of the anticipated filing of a chapter 13 petition (Motion at 1), that rises to the requisite "exceptional circumstances" under Rule 60(b)(6). *See Ackermann v. United States,* 340 U.S. 193, 198, 200–02 (1950) (emphasizing, in denying relief under Rule 60(b)(6), that the petitioner was represented by able counsel); *United States v. Bank of N.Y.*, 14 F.3d 756, 760 (2d Cir. 1994) ("A failure to properly estimate the loss or gain from entering a

19

settlement agreement is not an extraordinary circumstance that justifies relief under Rule

60(b)(6).")

## **Conclusion**

Based on the foregoing, the Court sustains the Objection and denies the Motion.


IT IS SO ORDERED.


Dated: January 20, 2021
        New York, New York

                                            /s/ *James L. Garrity, Jr.*
                                            Honorable James L. Garrity, Jr.
                                            United States Bankruptcy Judge.

20